**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| NATALIE FRANKLIN-DOHERTY, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No.  04-1188 MLB |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

**I.   INTRODUCTION**

Before the court are the following:

(1)  United States Magistrate Judge John Thomas Reid's Recommendation and Report (Doc. 16); and

(2)  Plaintiff's objections (Doc. 17).

Magistrate Judge Reid's February 17, 2005, Recommendation and Report recommends that this case be affirmed, pursuant to sentence four of 42 U.S.C. § 405(g).  Plaintiff objects to Magistrate Reid's determination that the ALJ did not have a duty to seek clarification from the treating psychiatrist.  After reviewing the appropriate portions of the administrative record as well as the briefs submitted to Magistrate Judge Reid, the court adopts the Recommendation and Report in its entirety.

**II.  STANDARDS OF REVIEW**

The standards this court must employ upon review of plaintiff's objection to the Recommendation and Report are clear.  See generally 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  First, only those portions

of the Recommendation and Report defendant specifically identified as objectionable will be reviewed. See Gettings v. McKune, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000). Second, review of the identified portions is de novo. Thus, the Recommendation and Report is given no presumptive weight. See Griego v. Padilla, 64 F.3d 580, 583-84 (10th Cir. 1995).

The ALJ's decision is binding on the court if supported by substantial evidence. See 42 U.S.C. § 405(g); Dixon v. Heckler, 811 F.2d 506, 508 (10th Cir. 1987). The court must determine whether the record contains substantial evidence to support the decision and whether the ALJ applied the proper legal standards. See Castellano v. Sec'y of Health and Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). While "more than a mere scintilla," substantial evidence is only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) (interpreting "substantial evidence" as found in the original form of section 10(e) of the NLRA)). "Evidence is not substantial 'if it is overwhelmed by other evidence–particularly certain types of evidence (e.g., that offered by treating physicians) or if it really constitutes not evidence but mere conclusion.'" Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)).

### III. ANALYSIS

Plaintiff seeks disability insurance benefits and supplemental security income payments and thus bears the burden of proving a disability within the meaning of the Social Security Act. See Channel

v. Heckler, 747 F.2d 577, 579 (10th Cir. 1984). The Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(d)(1)(A) (2000). The Act further provides that an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A) (2000).

To determine whether plaintiff is disabled, the Commissioner applies a five-step sequential evaluation: (1) whether plaintiff is currently working, (2) whether she suffers from a severe impairment or combination of impairments, (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation, (4) whether plaintiff's RFC prevents her from continuing past relevant work, and (5) whether plaintiff has the RFC to perform other work. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). "If a determination can be made at any of the steps that claimant is or is not disabled, evaluation under a subsequent step is not necessary." Id. at 750.

In evaluating plaintiff's RFC, the ALJ determined that plaintiff's therapist, Mr. Camarena, was not an acceptable medical source and his opinion that plaintiff was "markedly limited" in twelve of twenty categories of mental functioning and "moderately limited" in the remaining eight categories was contradicted by plaintiff's abilities to attend college, to care for her five children and to

-3-

adjust to various situations. (R. 31.) Plaintiff asserted, in her brief submitted to Magistrate Reid, that the ALJ has a duty to develop the record and that he failed to do so by not requesting additional information from the therapist, Carlos Camerana. (Doc. 11 at 16.) Plaintiff's reply brief expands this argument

> The ALJ's duty is to identify and resolve any conflicts in the evidence. The ALJ has an affirmative duty to "…seek clarification or elaboration from the treating physician when his report contains a conflict, an ambiguity, or when it does not contain all the necessary information or appears not to be based on medically acceptable clinical and laboratory diagnostic techniques. Substantial evidence does not support a decision where the ALJ fails to thus develop the record." Medina v. Apfel, No. 98-2170 (10th Cir. April 1, 1999) There are two such deficits in the file. First is the alleged conflict within Dr. Xu's treatment notes about the statements that Ms. Franklin-Doherty was functioning well, and during the same time period referring her to a case manager. The second conflict is between the therapist, Carlos Camerana's opinions about the severity of Ms. Franklin-Doherty's depression and Dr. Xu's. The ALJ chose to discount Carlos Camerana's opinion for failing to provide adequate treament notes.( there is no evidence that the ALJ requested Mr. Camerana's treatment notes.) **These are alleged conflicts the ALJ could have resolved by requesting clarification and the treatment notes.**

(Doc. 13 at 5) emphasis supplied.

Plaintiff asserts in her objections that the "ALJ had an affirmative duty to at least obtain the November 21, 2002 chart note from Dr. Xu." (Doc. 15 at 1.) Dr. Xu was plaintiff's treating psychiatrist, not plaintiff's therapist. This duty supposedly arose since plaintiff informed the ALJ, through her response in a questionnaire immediately preceding the hearing, that Dr. Xu told her on November 21, 2002, four days before the hearing, that she "was not ready to go to work." Id. That issue was never presented to the magistrate. "Issues raised for the first time in objections to the

-4-

magistrate judge's recommendation are deemed waived." <u>Marshall v. Chater</u>, 75 F.3d 1421, 1426 (10th Cir. 1996).

Plaintiff's briefs before the magistrate do not mention any alleged error for failure by the ALJ to obtain the treatment note of November 21, 2002, from Dr. Xu.  Rather, the argument put forth by plaintiff centered on the duty to obtain the treatment notes and clarification from therapist Camerana.

Plaintiff cannot now change course after receiving an unsuccessful review before the magistrate.  The alleged error is deemed waived by plaintiff's failure to raise it during the briefing before the magistrate. <u>Marshall</u>, 75 F.3d at 1426.

## IV.  CONCLUSION

The court agrees with the Recommendation and Report of the Magistrate Judge for the reasons set forth therein.  Pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the ALJ is affirmed.

IT IS SO ORDERED.

Dated this   15th   day of April 2005, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot

UNITED STATES DISTRICT JUDGE